```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
LAUREN SPENCER-SMITH,                                                  :
                                                                       :
                          Plaintiff,                                   :
                                                                       :          23-cv-2652 (LJL)
          -v-                                                          :
                                                                       :          MEMORANDUM AND
DAVID M. EHRLICH et al.,                                               :              ORDER
                                                                       :
                          Defendants.                                  :
                                                                       :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Lauren Spencer-Smith ("Plaintiff" or "Spencer-Smith") requests the sealing and/or redaction of certain materials submitted in connection with Spencer-Smith's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion") against David M. Ehrlich ("Ehrlich"), David M. Ehrlich & Associates, P.C./David M. Ehrlich P.C., Esq. ("DME PC"), and Song Collection, Inc. d/b/a DME Management ("DME Management" and collectively with Ehrlich and DME PC, the "Ehrlich Parties"). *See* Dkt. No. 115. For the following reasons, the request is granted in part and denied in part.

I.      **Legal Framework**

      There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against

any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

"[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the merits and weakest when they will 'play only a negligible role.'" *Pauwels v. Bank of N.Y.Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 2025 WL 758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 13–14 (1986)). "Courts have found that higher values include protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests . . . preventing danger to persons or property, and maintaining the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." *Id.* (citation omitted).

Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access.  *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615–17 (2d Cir. 2009); *Bergen Brunswig Corp. v. Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510–11 (S.D.N.Y. 2015).  In determining whether such information is properly sealed, courts may look to whether "the information [is] still relevant to the business" and "the degree to which a party would be competitively harmed if [the information] were revealed."  *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (quotation marks and citation omitted).

**II.     Discussion**

Spencer-Smith's request is granted, except with respect to Dkt. Nos. 131-14–131-17 and Dkt. No. 129-8.

Spencer-Smith requests the redaction of the telephone numbers and other contact information belonging to herself, her partner, Matthew O'Dell, and her parents.  Given that such information has no relevance to the dispute at bar, and that such redactions would be narrowly-tailored, the Court finds that the privacy interests of the parties whose contact information is at issue outweigh the presumption of access.  *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting request to seal non-party contact information); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) ("With respect to the documents containing Plaintiff's or other third-parties' personal information (i.e., addresses, phone numbers, etc.), the Court finds this traditionally private information weighs heavily in the Court's balancing against the presumption of access, . . . and

3

otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information."). The Ehrlich Parties do not object to these redactions.

Spencer-Smith has also requested that the names of two non-party Universal Music Group employees be redacted and their images be blurred from certain photographs. That request is likewise granted as "third-party privacy interests justify the requested sealing and redaction of certain private information." *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (internal citations and quotations omitted) (granting sealing as to identifying information of non-party tenants); *Ripple Labs*, 2023 WL 3477552, at *8–9 (granting the sealing of the identities of third-party employees). No party disputes that the identities and appearances of the UMG employees "play[s] only a negligible role" in the adjudication of this motion for summary judgment. *See Lugosch*, 435 F.3d at 121.

Spencer-Smith requests the redaction of the amount of monetary compensation earned by Spencer-Smith and by non-parties to this action. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions." *Ripple Labs*, 2023 WL 3477552, at *3 (citing *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021)); *see also Rensselaer Polytechnic Inst. v. Amazon, Inc.*, 2019 WL 13163696, at *2 (N.D.N.Y. July 30, 2019) (rejecting wholesale sealing of certain agreements but allowing defendants to "black out pricing information" throughout the agreements in question). Inasmuch as the request is to redact specific sensitive financial terms rather than to seal the contracts in their entirety, the request is granted. When, and if, this case goes to trial and relief becomes an issue, then the monetary compensation may become relevant and therefore publicly accessible.

As to Spencer-Smith's request to seal photographs of herself and O'Dell at Dkt. Nos. 131-14–131-17, the request is denied.  These photographs very well may "directly affect an adjudication' of the merits" of Spencer-Smith's motion for summary judgment, *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995), as Spencer-Smith repeatedly relies upon them as evidence of purported wrongdoing and inappropriate behavior by Ehrlich.  *See e.g.*, Dkt. 136 at 3, 17.  Though the photographs are undoubtedly intimate, the presumption of public access attaches strongly where the Plaintiff herself has put forward the judicial documents as central to her request for dispositive relief.

The Court also rejects Spencer-Smith's proposed redactions to Dkt. No. 129-8 ("Exhibit U").  In the sealed version of the exhibit, Spencer-Smith has not provided an unredacted version of the text exchange for the Court's review, and the Court has no means of evaluating the strength of the presumption of public access.  Spencer-Smith may renew her request to seal this text exchange along with a sealed but unredacted version of the exchange with the material sought to be redacted highlighted and specific arguments as to the sensitivity of the content at issue.

The Clerk of Court is respectfully directed to close Dkt. No. 44.

SO ORDERED.

Dated: April 15, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge