

January 25, 2026

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court
500 Pearl Street, Room 1620
New York, New York 10007

    Re:    *Spencer-Smith v. Ehrlich, et al.*, **Case No. 23-cv-2652 (LJL)**
            *Ehrlich, et al. v. Spencer-Smith*, **Case No. 23-cv-2653 (LJL)**

Dear Judge Liman:

    We represent Lauren Spencer-Smith ("Spencer-Smith") in the above-referenced consolidated actions. We write pursuant to this Court's Order dated January 22, 2026 (ECF Doc. No. 175, the "Order") regarding the motions to seal filed by Spencer-Smith and David M. Ehrlich, David M. Ehrlich & Associates, P.C./David M. Ehrlich P.C., Esq., and Song Collect, Inc. d/b/a DME Management (hereinafter, collectively the "Ehrlich Parties") in connection with each of their respective summary judgment motions and related materials (the "SJ Motion Materials").

    The parties are in the process of meeting and conferring regarding the scope of the proposed sealing treatment of the SJ Motion Materials other than the previously permitted sealing of (1) the names of two female UMG employees[1], and (2) the monetary compensation earned by Spencer-Smith or others in connection with specific agreements[2].

    Counsel for the Ehrlich Parties, Jonathan Davis, contacted Spencer-Smith's counsel on Friday morning to meet and confer about the Court's Thursday evening Order (ECF No. 175). Mr. Davis told us that the Ehrlich Parties do not intend to seek continued sealing of any documents other than those previously agreed to and approved by the Court. Counsel for Spencer-Smith thereafter reviewed the SJ Motion Materials and late Saturday afternoon provided him with a list of categories of documents for which Spencer-Smith intended to request the maintenance of sealing treatment for, as well as a spreadsheet of the proposed sealing designations.

    Given the tight deadline and the amount of material to review, the parties have not yet been able to finish meeting and conferring, but the parties' respective positions at this juncture are stated below. The parties will complete their meet and confer process as soon as possible and file the requested spreadsheet ("Spreadsheet") with the Court by no later than Tuesday morning. We are predicting that the snowstorm will disrupt usual Monday activities.

---

[1] The following SJ Motion Materials contain the names of the two female UMG employees at issue: ECF Docs. 108, 110, 117/119, 118/123, 121, 131-1, 131-8, 131-9, 131-26, 135, 153-2, 153-3, 153-5, 153-7, and 155.

[2] The following SJ Motion Materials contain references to the monetary compensation earned by Spencer-Smith or others in connection with specific agreements: ECF Docs. 108, 110, 117/119, 121, 123-5, 129, 131-4, 131-24, 135, 153-4, 155, 162, 163, 163-10, 163-21, 163-22, 163-23, 163-24, and the native financial documents referenced in paragraph 36 of ECF Doc. 163.

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main:  212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main:  609-514-1500

**Los Angeles**
530 Wilshire Blvd. Suite 301
Santa Monica, CA 90401
Main:  310-337-2305

www.reitlerlaw.com

Hon. Lewis J. Liman
January 25, 2026
Page 2

The Ehrlich Parties have no additional sealing or redaction requests of the SJ Motion Materials.

However, Spencer-Smith believes that the below-described categories of information contained in the SJ Motion Materials should remain sealed and/or redacted, and will be filing a spreadsheet indicating all of her proposed sealing for the subject materials. The Ehrlich Parties object to sealing the amounts received by persons other than Spencer-Smith in connection with her agreements.

Spencer-Smith respectfully submits the following additional categories of information contained in the SJ Motion Materials should be sealed and/or redacted:

- **Personal and Non-Public Contact Information of Lauren Spencer-Smith, Her Family, and Non-Parties:** The proposed redactions are the personal phone numbers, addresses, and contact information of Spencer-Smith, a public figure, her parents (Kerry Spencer-Smith née Noble and Gary Spencer-Smith), and non-parties John Murray, Maxwell Kagan, and Doug Mark.  Given the sensitivity of posting personal telephone numbers to the public docket, particularly those of a public figure and associated individuals, such information has no relevance to the dispute. Accordingly, we respectfully submit that the interests in redacting such information outweigh the presumption of access. *See* C*antinieri v. Verisk Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024).  The Court previously permitted the parties to file similar information under seal in connection with a motion to compel.  *See* Order dated September 27, 2024, ECF Doc. 84.  This category of information is contained in the following SJ Motion Materials:

    - ECF Doc. 123-1
    - ECF Doc. 123-2
    - ECF Doc. 123-3
    - ECF Doc. 123-4
    - ECF Doc. 123-6
    - ECF Doc. 123-7
    - ECF Doc. 123-8
    - ECF Doc. 123-9
    - ECF Doc. 127-1
    - ECF Doc. 129-8
    - ECF Doc. 131-13
    - ECF Doc. 131-14
    - ECF Doc. 131-19

    **Ehrlich Parties' Position:** Subject to Mr. Davis's inspection of the listed documents, which cannot be completed today because of their breadth, the Ehrlich Parties do not oppose sealing personal phone numbers, addresses, and contact information for Spencer-Smith and her family, but not as to others, as there is no particular privacy concern at issue as to them and they are not public figures.

- **Image of UMG Employee**: Certain documents include photographs of a UMG employee for whom this Court has previously approved name redactions in the Order. To protect the identity of the UMG employee, Spencer-Smith requests that images of the employee be redacted by redacting the face of the individual at issue in these SJ Motion Materials:

    - ECF Doc. 131-10

Hon. Lewis J. Liman
January 25, 2026
Page 3

- ECF Doc. 131-11

**Ehrlich Parties' Position:** Subject to Mr. Davis's inspection of the listed documents, which cannot be completed today, the Ehrlich Parties do not oppose the sealing of the photograph of the subject UMG employee only.

- **Work Product Privilege/Attorney-Client Privilege**: Certain documents contain the privileged and confidential attorney work product of Doug Mark's firm, Mark Music and Media Law, P.C. ("MMML"), and/or privileged and confidential attorney-client privileged communications (insofar as Mr. Ehrlich participated in these communications in his role as Spencer-Smith's manager). As neither Spencer-Smith nor MMML has waived those privileges vis-à-vis the public by reason of the instant dispute, she respectfully requests that the following SJ Motion Materials containing that information be filed with redactions identified on the Spreadsheet:

    - ECF Doc. 163-3
    - ECF Doc. 163-5
    - ECF Doc. 163-7
    - ECF Doc. 163-8
    - ECF Doc. 163-9
    - ECF Doc. 163-12
    - ECF Doc. 163-13
    - ECF Doc. 163-16

**Ehrlich Parties' Position:** The Ehrlich Parties oppose sealing of the proposed documents without sufficient opportunity to review each document identified above to assess whether any of those documents are protected by the work product doctrine or attorney-client privilege. That review cannot be completed today. Also, Mr. Ehrlich served in the capacity of both lawyer and manager, despite Ms. Spencer-Smith's counsel continuing to maintain he was manager only.

- **Confidential Business Negotiations With Third Parties**: Certain SJ Motion Materials contain the confidential and non-public business negotiations between Spencer-Smith's representatives and third parties. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."); *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) ("Courts seal confidential business, financial, and marketing information under certain situations."). Spencer-Smith proposes narrowly-tailored redactions to seal the substantive business terms, but not the fact that negotiations were had. The following SJ Motion Materials contain this category of information, which Spencer-Smith respectfully submits should be filed under seal and/or redacted:

    - ECF Doc. 129-1
    - ECF Doc. 153-8
    - ECF Doc. 163-11

**Ehrlich Parties' Position:** The Ehrlich Parties oppose sealing of the proposed documents without sufficient opportunity to review each document identified above to assess whether any of

Hon. Lewis J. Liman
January 25, 2026
Page 4

those documents contain actual confidential matters and to assess the extent of the proposed redactions. That review cannot be completed today.

In addition to the foregoing, UMG requests that certain portions of the Recording Agreement be redacted as they contain highly confidential and proprietary business information. "[C]ourts have consistently found that confidential commercial information of a business— including … internal business documents …[—]are the proper subject of sealing." *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022); *see also News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (recognizing courts "routinely seal documents to prevent the disclosure of confidential business information"); *CRC Ins. Servs., Inc. v. Suh,* 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (granting motion to seal where the sealing request was "narrowly tailored to prevent unauthorized dissemination of confidential business information"). The information UMG seeks to be redacted may provide valuable insight to UMG's competitors regarding UMG's commercial agreements, internal processes, and strategy, which competitors may use to unfairly compete with UMG. The following SJ Motion Materials contain this category of information, which Spencer-Smith respectfully submits should be redacted:

- ECF Doc. 117
- ECF Doc. 119
- ECF Doc. 123-5

**Spencer-Smith's Position:** Spencer-Smith does not object to the redactions proposed by UMG. Additionally, certain information sought to be redacted by UMG also contains advance amounts that should also be redacted on the basis that they reflect the amount of monetary compensation earned by Spencer-Smith in connection with that specific agreement.

**Ehrlich Parties' Position:** The Ehrlich Parties do not object to sealing the Recording Agreement or, at minimum, the monetary terms.

The Spreadsheet further outlines the exact page numbers in the above documents with proposed redactions.

Spencer-Smith respectfully submits that the strong privacy interests of Spencer-Smith and third parties overcome the strong presumption of public access to the subject information, and this information has minimal relevance to the Court's decision on the summary judgment motions, such that sealing and/or redaction of the above-referenced information is appropriate.

**Ehrlich Parties' Position:** Except as provided by Mr. Davis above, he contends that only limited information is justified in being maintained under seal, as to do otherwise hampers the ability of the Ehrlich Parties to discuss material facts openly in the courtroom and to otherwise reference the material in their submissions to the Court—putting aside the lack of evidence of any overriding privacy interests at stake and the public's right to access.

We thank the Court for its attention to this matter.

Hon. Lewis J. Liman
January 25, 2026
Page 5

                                                      Respectfully submitted,

                                                      *s/ Julie B. Wlodinguer*
                                                      Julie B. Wlodinguer

cc:   All Counsel of Record (via ECF)