UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                       :

LAUREN SPENCER-SMITH,                  :

                                        :

            Plaintiff,             :

                                          :                      23-cv-02652 (LJL)

        -v-                             :

                                          :                       MEMORANDUM &
DAVID M. EHRLICH, DAVID M. EHRLICH &       :                        ORDER
ASSOCIATES, P.C., DAVID M. EHRLICH P.C.,       :
ESQ., and SONG COLLECT, INC. d/b/a DME        :
MANAGEMENT,                             :

                                          :

            Defendants.           :

                                          :
----------------------------------------------------------------------X

<div style="border:1px solid black">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__01/27/2026__
</div>

LEWIS J. LIMAN, United States District Judge:

Before the Court are four motions to seal regarding materials submitted in connection with the parties' motions for summary judgment. Dkt. Nos. 106, 115, 149, 170. Pursuant to the Court's Order on January 22, 2026, Dkt. No. 175, the parties met and conferred regarding the scope of the sealing requests and provided modified proposed redactions for the relevant materials, Dkt. No. 179.

## LEGAL STANDARD

There is a presumption of public access to judicial documents. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against 4/15/2025 2 any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

119 (2d Cir. 2006).  "[A]ll documents submitted in connection with, and relevant to, such judicial decisionmaking are subject to at least some presumption of public access."  *Brown*, 929 F.3d at 50.  "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."  *Id.* at 121.  "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Where the presumption is at its peak, as it is in the summary judgment context, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Id.* at 124.  Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted).

## DISCUSSION

The parties' requests for redactions are granted, with modifications to the requested redactions in Dkt. Nos. 131-10, 131-11, 163-23 and 163-24.

The Court previously permitted Spencer-Smith to redact the names of the two UMG employees on grounds of privacy and specific amounts of monetary compensation earned by Spencer-Smith and others in connection with specific agreements.  Dkt. No. 141; *Spencer-Smith*

*v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025). That order is the law of the case. *See In re PCH Assoc.*, 949 F.2d 585, 592 (2d Cir. 1991) ("Under the law of the case doctrine, a decision on an issue of law made at one stage becomes binding precedent to be followed in subsequent stages of the same litigation."). Pursuant to that order, the requested redactions of Dkt. Nos. 108, 110, 118, 121, 123, 129, 131-1, 131-26, 131-4, 131-8, 131-9, 135, 153-2, 153-3, 153-4, 153-5, 153-7, 155, 162, 163, 163-10, as modified in Dkt. No. 179-1, are granted.

The Court also previously granted Spencer-Smith's request to blur two UMG employees' images in certain photographs as "third-party privacy interests justify the requested sealing and redaction of certain private information." *Spencer-Smith*, 2025 WL 1115019, at *2 (quoting *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024)). Spencer-Smith shall blur, not redact, the face of the UMG employee in Dkt. Nos. 131-10 and 131-11 and then publicly file the exhibits.

Spencer-Smith requests the redaction of telephone numbers and other contact information belonging to herself, her family, and non-parties John Murray, Maxwell Kagan, and Doug Mark. Dkt. No. 115. The "public's interest in [such information] is negligible and easily outweighed by . . . privacy interests." *Lively v. Wayfarer Sutdios LLC,* 2025 WL 3295147, at *2 (S.D.N.Y. Nov. 26, 2025) (quoting *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025)); *see also Spencer-Smith*, 2025 WL 2225019, at *2. The requested redactions in Dkt. Nos. 123-1, 123-2, 123-3, 123-4, 123-6, 123-7, 123-8, 123-9, 123-11, 131-13, 131-14, 131-19, 127-1, and 129-8, as modified in Dkt. No. 179-1, are granted.

Non-party Universal Music Group ("UMG") requests the redaction of confidential business terms in Spencer-Smith's Local Rule 56.1 Statement, Dkt. Nos. 117, 119. Dkt. No. 115. That request is granted as well. "[C]onfidential commercial information and trade secrets"

are among the types of information that courts find sufficiently sensitive to overcome even a strong presumption of public access. *Spencer-Smith*, 2025 WL 111519, at *2; *see In re Upper Brook Cos.*, 2023 WL 172003, at *9 (S.D.N.Y. Jan. 12, 2023) ("[T]he need to protect confidential business information from disclosure can outweigh a presumption of public access."). For the same reason, the requested redactions in Dkt. Nos. 153-8, 163-11 are also granted. These redactions pertain to confidential business communications.

Spencer-Smith also requests redactions of privileged communications between her attorney, Doug Mark of Mark Music & Media Law ("MMML"), and herself or her representative. Dkt. No. 170. The proposed redactions concern communications between MMML and David Ehrlich, or between MMML, David Ehrlich, and Max Kagan, Ehrlich's assistant. The parties dispute whether David Ehrlich was acting as Spencer-Smith's attorney during the period where these communications took place. The Court need not resolve that dispute to decide what material should be sealed. It is undisputed that Ehrlich was her manager and therefore acted as her agent. These communications therefore constitute privileged attorney-client information. *See United States v. Atias*, 2016 WL 11680948, at *2 (E.D.N.Y. Dec. 30, 2016) ("The attorney-client privilege protects not only communications between the attorney and the client, but also 'between two attorneys who represent the client or between the client and the attorney's agent or between the client's agent and the attorney' for the purpose of facilitating the rendition of legal advice to the client." (quoting *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 490 (S.D.N.Y. 1993)). The requested redactions of Dkt. Nos. 163-3, 163-5, 163-7, 163-8, 163-9, 163-12, 163-13, 163-16 are granted.

Spencer-Smith also requests redaction of confidential financial information and compensation. As the Court previously noted, "[p]ersonal and financial information implicate

4

'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions." *Spencer-Smith*, 2025 WL 1115019, at *2 (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023)).  However, requests for redactions must be narrowly tailored to preserve the stated privacy interests.  *Lugosch*, 435 F.3d at 120.  The Court grants the requested redactions in Dkt. Nos. 163-21 and 163-22, as modified in Dkt. No. 179-1, but finds that the redactions in Dkt. Nos. 163-23 and 163-24 are overbroad.  Spencer-Smith shall remove the redactions over the caption starting from "Account Transactions" until "Accrual Basis" and the redactions over the column headings beginning with "Date" through "Running Balance USD."  All other requested redactions are granted.  Spencer-Smith shall file Dkt. Nos. 163-23 and 163-24 as modified publicly on the docket.

The Clerk of Court need not unseal any docket entries, as the parties who submitted the relevant materials shall refile them in accordance with this Memorandum and Order by January 28, 2026 at 4:00 p.m.

The Clerk of Court is respectfully requested to close Dkt. Nos. 106, 149, 170.

SO ORDERED.

Dated: January 27, 2026
        New York, New York

_____
              LEWIS J. LIMAN
              United States District Judge

5