UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

:

LAUREN SPENCER-SMITH,                                              :

:

Plaintiff,                           :

:                    23-cv-02652 (LJL)

-v-                                             :                    23-cv-02653 (LJL)

:

DAVID M. EHRLICH, DAVID M. EHRLICH &            :                    MEMORANDUM &
ASSOCIATES, P.C., DAVID M. EHRLICH P.C.,        :                        ORDER
ESQ., and SONG COLLECT, INC. d/b/a DME          :
MANAGEMENT,                                      :

:

Defendants.                          :

:

-----------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  03/20/2026
```

LEWIS J. LIMAN, United States District Judge:

Before the Court are two motions to seal regarding materials submitted in connection

with the motion for attachment of property filed by David Ehrlich, Ehrlich & Associates, and

Song Collect, Inc. d/b/a DME Management (the "Ehrlich Parties").  Dkt. Nos. 198 and 216.  At

the hearing on March 19, 2026, the parties agreed to the unsealing of all materials in connection

with the Ehrlich Parties' motion except for the exhibit at Dkt. No. 201-1.  Accordingly, this

Order only addresses whether Dkt. No. 201-1 should remain sealed.

There is a presumption of public access to judicial documents.  See *Lugosch v. Pyramid

Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48

(2d Cir. 2019).  A judicial document is a document "relevant to the performance of the judicial

function and useful in the judicial process."  *Brown*, 929 F.3d at 49 (quoting *United States v.

Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  If a document is determined to be a judicial

document, then the Court must assess the "weight of the presumption" of public access against

any "countervailing interests."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d

Cir. 2006).  The weight of the presumption varies with the stage of the proceedings with materials submitted in connection with pretrial matters are accorded greater protection than materials introduced at trial.  *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (stating that the public has an "especially strong" right of access to evidence introduced in trials).

The exhibit at Dkt. No. 201-1 contains detailed financial information regarding compensation.  As the Court previously noted, at the pretrial stage, "[p]ersonal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access." *Spencer-Smith*, 2025 WL 1115019, at *2 (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023)); *see also In re Upper Brook Cos.*, 2023 WL 172003, at *9 (S.D.N.Y. Jan. 12, 2023) ("[T]he need to protect confidential business information from disclosure can outweigh a presumption of public access.").  The exhibit at Dkt. No. 201-1 shall remain under seal.

The Clerk of Court is respectfully requested to unseal Dkt. Nos. 206, 206-1, 206-2, 206-3, 206-4, 206-5, 206-6, 207, 217, 218.

The Clerk of Court is respectfully requested to close Dkt. Nos. 198 and 216.

SO ORDERED.

Dated: March 20, 2026
    New York, New York

_____
            LEWIS J. LIMAN
        United States District Judge

2