**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| LAUREN SPENCER-SMITH, | : | Civil Action No. 23-cv-2652 (LJL) |
| | : | |
| Plaintiff, | : | **STIPULATED <u>FINAL</u> <u>PARTIAL JUDGMENT</u>** |
| | : | |
| v. | : | |
| | : | |
| DAVID M. EHRLICH, DAVID M. EHRLICH & ASSOCIATES, P.C., DAVID M. EHRLICH P.C., ESQ., and SONG COLLECT, INC. d/b/a DME MANAGEMENT, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| DAVID EHRLICH, SONG COLLECT, INC., d/b/a DME MANAGEMENT, and DAVID M. EHRLICH & ASSOCIATES, | : : : | Civil Action No. 23-cv-2653 (LJL) |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREN SPENCER SMITH, | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

David Ehrlich ("Ehrlich"), David M. Ehrlich, Esq. P.C., d/b/a David M. Ehrlich & Associates, P.C. ("DME PC"), and Song Collect, Inc. d/b/a DME Management ("DME Mgm't" and collectively with Ehrlich and Ehrlich & Associates, the "Ehrlich Parties") moved, pursuant to Federal Rule of Civil Procedure 56, for an order granting them summary judgment with respect to the Second Amended Complaint of Plaintiff Lauren Spencer-Smith ("Spencer-Smith") in Case No. 23-cv-2652 and partial summary judgment with respect to the First Amended Complaint of the Ehrlich Parties in Case No. 23-cv-2653.  (Dkt. No. 107.)

Spencer-Smith moved for summary judgment with respect to all of her claims and the claims of the Ehrlich Parties.  (Dkt. No. 116.)

Spencer-Smith's motion for summary judgment was DENIED with respect to her claims, except as to Ehrlich's individual claim for defamation, which was GRANTED.  (Dkt. No. 194.)

The Ehrlich Parties' motion for partial summary judgment was GRANTED with respect to Spencer-Smith's First Claim (Breach of fiduciary Duty Against DME Associates, DME PC, and Ehrlich), Second Claim (Breach of Fiduciary Duty Against Ehrlich and DME Mgm't), Third Claim (Breach of Contract Against DME Mgm't), Fourth Claim (Breach of Contract Against DME Associates and DME PC) and Fifth Claim (Faithless Servant Against the Ehrlich Parties), and GRANTED with respect to the Ehrlich Parties' Counts III (Declaratory Judgment with respect to the personal management agreement, dated as of January 1, 2021 ["Mgm't Agreement"], between DME Mgm't and Spencer-Smith) and Count IV (Declaratory Judgment with respect to the legal services agreement, dated April 17, 2020 ["Engm't Agreement"], between DME PC and Spencer-Smith).  (Dkt. No. 194.)

The Ehrlich Parties' motion for summary judgment with respect to Count I (breach of the Mgm't Agreement) and Count II (breach of the Engm't Agreement) was GRANTED with respect to liability and a trial ordered with respect to the issue of damages under those agreements.  (Dkt. No. 194.)

The parties have met and conferred to stipulate to the entry of judgment for the monetary damages that have accrued under the Mgm't Agreement and Engm't Agreement for all entertainment income that has been reported to the Ehrlich Parties (the "Aggregate Damages"), and Spencer-Smith acknowledges that she shall continue to be liable to the counter-party under each agreement, in accordance with its terms and conditions.

The parties stipulate that the Aggregate Damages due and owing to the Ehrlich Parties is the sum of $2,967,554.06, plus pre-judgment and post-judgment interest, under the Mgm't

2

Agreement and Engm't Agreement.  The prejudgment interest shall be computed using a single reasonable intermediate date, May 15, 2024, in accordance with N.Y. C.P.L.R 5001(b).

The Ehrlich Parties and Spencer-Smith have not stipulated to the reasonable attorney's fees, costs, and disbursements the Ehrlich Parties are entitled to in connection with the enforcement of the Mgm't Agreement and Engm't Agreement, in accordance with their respective terms, and therefore, such reasonable attorney's fees, costs, and disbursements are excluded from this judgment.

**THEREFORE, IT IS ORDERED AND ADJUDGED**:

(1)  DME Mgm't shall take $2,326,409.38 for its breach of contract claim under the Mgm't Agreement, plus interest and allowable costs by rule or statute;

(2)  DME Mgm't shall be entitled to all rights, amounts, fees, commissions, payments, benefits, and other entitlements of any kind or nature under the Mgm't Agreement in accordance with its terms and conditions for the full term thereof;

(3)  DME PC shall take $641,144.68 for its breach of contract claim under the Engm't Agreement, plus interest and allowable costs by rule or statute; and

(4)  DME PC shall be entitled to all rights, amounts, fees, commissions, payments, benefits, and other entitlements of any kind or nature under the Engm't Agreement in accordance with its terms and conditions for the full term thereof.

DATED:  New York, New York
       May _26_, 2026

**SO ORDERED AND ADJUDGED:**

_____
LEWIS J. LIMAN
United States District Judge

3